# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SCF RC Funding IV, LLC, a Delaware limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) Case No. 6:22-cv-1170 |
| GHC Georgetown Operator LLC, a Kansas limited liability company; GHC Operations Holdings LLC, a Kansas limited liability company, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff SCF RC Funding IV, LLC, by and through its attorneys, and for its Complaint against Defendants GHC Georgetown Operator LLC and GHC Operations Holdings LLC hereby alleges as follows:

## PARTIES

1. SCF RC Funding IV, LLC is a Delaware limited liability company with its principal place of business in Princeton, New Jersey. Plaintiff consists of its sole member, Essential Properties, L.P., a Delaware limited partnership. The following are the partners of Essential Properties, L.P.: Essential Properties OP G.P., LLC; Essential Properties Realty Trust, Inc.; Chama Punlertpathanakon, a citizen of New Jersey; Peter Mavoides, a citizen of New Jersey; and David Fate, a citizen of Texas. Essential Properties OP G.P., LLC consists of its sole member Essential Properties Realty Trust, Inc. Essential Properties Realty Trust, Inc. is a Maryland corporation with its principal place of business in Maryland.

2. Defendant GHC Georgetown Operator LLC, is a Kansas limited liability company. GHC Georgetown Operator LLC's sole member is Defendant GHC Operations Holdings LLC.

On information and belief, all of GHC Operations Holdings LLC's members are citizens of Kansas.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the parties and claims pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendants because the members of Defendants are citizens of the State of Kansas, and upon information and belief, Defendants' principal place of business is in the State of Kansas.

5. Venue is proper in this Court because Defendants reside within the State of Kansas, and the Leased Premises (defined below) related to this dispute is located in the State of Kansas.

## GENERAL ALLEGATIONS

**A.   The Lease**

6. On or about January 19, 2018, SCF RC Funding IV, LLC ("Plaintiff" or "Landlord"), and Fitness Group of Wichita, LLC ("Original Tenant"), entered into that certain Lease Agreement dated January 19, 2018 (the "Lease") for the property located at 1607 S. Georgetown, Wichita, KS ("Leased Premises").

7. On or about May 9, 2022, Original Tenant and GHC Georgetown Operator LLC ("Tenant") entered into that certain Assignment and Assumption of Lease (the "Assignment") pursuant to which Tenant assumed and agreed to fully perform all of the covenants and obligations of Original Tenant under the Lease.

8. On May 9, 2022, GHC Operations Holdings LLC ("Guarantor") executed that certain Guaranty and Suretyship Agreement (the "Guaranty") pursuant to which Guarantor

absolutely, unconditionally, and irrevocably guaranteed and became surety to Landlord and its successors and assigns for the due, punctual and full payment, performance and observance of, and covenants with Landlord to duly, punctually and fully pay and perform the Guaranteed Obligations (as defined in the Guaranty).

**B.    The Lease Provisions**

9.    Pursuant to the Lease, Tenant agreed to, among other things, pay Minimum Rent (as defined in the Lease) for the Leased Premises.  Lease, Section 6.

10.    Tenant agreed to pay the Minimum Rent in twelve (12) equal payments, in advance of the first day of each month.  Lease, Section 6(c).

11.    Pursuant to the Lease, Tenant is also responsible for paying certain Additional Rent (as defined in the Lease).  Lease, Section 7.

12.    Tenant agreed that, in the event it failed to pay Rent (as defined in the Lease) due under the Lease, it would pay a default interest rate equal to the higher of twelve percent (12%) or five percent (5%) in excess of the Prime Rate per annum.  Lease, Section 7(a)(iii).

13.    Under the Lease, the parties agreed that a failure by Tenant to make any payment of any Monetary Obligation (which includes Rent) on the due date, regardless of the reason for such failure, is an Event of Default.  Lease, Section 22(a)(i).

14.    The Lease further provides that, upon an Event of Default, Landlord may "without being deemed guilty in any manner of trespass or becoming liable for any loss or damage resulting therefrom, without resort to legal or judicial process, procedure or action, and without terminating (or being deemed to terminate) this Lease, to re-enter and take possession of the Leased Premises…" Lease, Section 23(a)(ii).

15. In addition, Tenant waived any right or privilege it had under "any present or future constitution, statute, or rule of law to redeem the Leased Premises or to have a continuance of this Lease for the Lease Term after termination of Tenant's right of occupancy by order or judgment of any court or by any legal process or writ, under the terms of this Lease." Lease, Section 23(k)(i).

16. Tenant also agreed that an Event of Default, Landlord can bring an action against Tenant and recover all Rent due and owing and scheduled to become due and owing under this Lease both before and after the date of such breach for the entire term, discounted to present value, less fair rental value of the Leased Premises. Lease, Section 23(a)(iv) and (vi).

**C.   Tenant's Defaults**

17. Tenant has failed to pay Landlord all Rent due under the Lease.

18. In fact, Tenant has failed to pay any Minimum Rent since it became the Tenant under the Lease pursuant to the Assignment.

19. Pursuant to the Lease, Tenant's failure to pay Rent constitutes an Event of Default.

20. Landlord provided notice to Tenant and the Guarantor (as defined below) of the default occurring and existing under the Lease by way of a Notice of Default and Demand for Payment dated July 15, 2022 (the "Default Notice").

21. In the Default Notice, Landlord demanded that Tenant and Guarantor cure the default by paying Minimum Rent in the amount of $98,854.48 on or before July 25, 2022.

22. Tenant and Guarantor did not pay the demanded Minimum Rent on or before July 25, 2022.

23. As such, an Event of Default occurred under the Lease no later than July 26, 2022.

**D.    Landlord's Remedies**

24.    On July 29, 2022, at approximately 4 a.m., without breaching the peace, Landlord exercised its right under the Lease to take possession of the Leased Premises.

25.    Later that same day, Tenant unlawfully re-entered and re-took possession of the Leased Premises.

26.    Later, on or about July 30, 2022, Landlord again attempted to take possession of the Leased Premises pursuant to its rights under the Lease.

27.    Landlord was unable to exercise its rights because Tenant had a security guard stationed at the Leased Premises preventing Landlord from taking possession of the Leased Premises.

28.    The security guard represented that Tenant had obtained an injunction prohibiting the Landlord from taking possession of the Leased Premises.  Landlord is unaware of any injunction prohibiting Landlord from exercising its rights to obtain possession of the Leased Premises.

**E.    Damages**

29.    As of July 31, 2022, $98,854.00, consisting of unpaid Rent, is currently due and owing by Tenant to Landlord under the terms of the Lease.

30.    As of July 31, 2022, there is a total of $7,443,742 due for the remaining term of the Lease. Pursuant to the Lease, Landlord agreed to discount the present value of the amounts owed under the Lease by seven percent (7%). Therefore, Tenant is liable for $4,922,717.00 under the Lease, not including interest, any Additional Rent, or attorneys' fees and costs.

## **FIRST CAUSE OF ACTION**

### **(Breach of Contract – GHC Georgetown Operator LLC)**

31. Plaintiff incorporates all prior allegations of the Complaint as if fully set forth herein.

32. Landlord and Tenant are parties to a valid, binding, and enforceable contract—the Lease.

33. The Lease provides that Landlord will demise and let to Tenant the Leased Premises in exchange for, among other things, Tenant's payment of its Monetary Obligations, including Rent.

34. Tenant failed to pay all Rent due under the Lease.

35. Tenant's failure to pay Rent constitutes an Event of Default under the Lease.

36. Tenant has also failed to abide by the good faith spirit of the terms of the Lease, including (i) under Lease Section 6 by failing to make a single payment of Minimum Rent following the Assignment and (ii) under Lease Sections 23(a)(ii) and 23(k)(i) by unlawfully re-entering and re-taking possession of the Leased Premises.

37. As a reasonable and foreseeable consequence of Tenant's breach of the Lease and breach of the covenant of good faith and fair dealing implied in the Lease, Landlord has suffered damages in an amount to be proved at trial, but in no event less than $4,922,717.00, plus an interest rate of at least 12%, and reasonable attorneys' fees and costs incurred by Landlord in the enforcement of its rights under the Lease.

## SECOND CAUSE OF ACTION

### (Breach of Contract – GHC Operations Holdings LLC)

38. Plaintiff incorporates all prior allegations of the Complaint as if fully set forth herein.

39. The Guaranty is governed by the laws of the State of New Jersey.

40. The Guaranty is a valid, binding, and enforceable contract pursuant to which Guarantor are parties absolutely, unconditionally, and irrevocably guaranteed and became surety to Landlord and its successors and assigns for the due, punctual and full payment, performance and observance of, and covenants with Landlord to duly, punctually and fully pay and perform the Guaranteed Obligations (as defined in the Guaranty).

41. Guarantor's failure to ensure that Tenant met its obligations under the Lease, including payment of Rent when due, is a breach of the terms of the Guaranty.

42. As a reasonable and foreseeable consequence of Guarantor's breach of the Guaranty, Landlord has suffered damages in an amount to be proved at trial, but in no event less than $4,922,717.00, plus an interest rate of at least 12%, and reasonable attorneys' fees and costs incurred by Landlord in the enforcement of its rights under the Lease.

## ATTORNEYS' FEES AND COSTS

43. Plaintiff is entitled to attorneys' fees and costs expended in enforcing its rights and in prosecuting this action, pursuant to the Lease and Guaranty. Lease, Section 23(a)(vii); Guaranty, Section 3.06.

## CONDITIONS PRECEDENT

44. All conditions precedent have been performed, satisfied, have occurred or have been waived.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SCF RC Funding IV, LLC, requests that judgment be entered as follows:

A. Finding that Defendant GHC Georgetown Operator LLC is in breach of the Lease;

B. Finding that Defendant GHC Georgetown Operator LLC is in breach of the covenant of good faith and fair dealing implied in the Lease;

C. Finding that Defendant GHC Operations Holdings LLC is in breach of the Guaranty;

D. For an award of all damages Plaintiff has incurred as a result of Defendant GHC Georgetown Operator LLC's breach of the Lease;

E. For an award of all damages Plaintiff has incurred as a result of Defendant GHC Georgetown Operator LLC's breach of its duty of good faith and fair dealing implied in the Lease;

F. For an award of all damages Plaintiff has incurred as a result of Defendant GHC Operations Holdings LLC's breach of the Guaranty;

G. That judgment be entered in favor of Plaintiff and against Defendants for no less than $4,922,717.00, plus pre- and post-judgment interest;

H. That the Court award Plaintiff its reasonable attorneys' fees and costs pursuant to the Lease and Guaranty; and

I. For any other relief the Court deems appropriate.

Respectfully submitted,

TRIPLETT WOOLF GARRETSON, LLC

By: */s/ Shane A Rosson*
Shane A. Rosson, #24408
sarosson@twgfirm.com
2959 North Rock Road, Suite 300
Wichita, Kansas 67226
Telephone: 316.630.8100
Facsimile: 316.630.8101


BALLAD SPAHR LLP

Craig Soloman Ganz
AZ Bar No. 023650 ***Pro Hac Vice status pending***
ganzc@ballardspahr.com
Michael S. Myers
AZ Bar No. 029978 ***Pro Hac Vice status pending***
myersm@ballardspahr.com
1 E. Washington St., Ste. 1300
Phoenix, AZ 85004
Telephone: 602.798.5400
Facsimile: 602.798.5595

*Attorneys for Plaintiff SCF RC Funding IV, LLC*